UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JANE DOE <br> Connecticut <br><br> Plaintiff, <br><br> v. <br><br> DE AMIGOS, LLC d/b/a Spot Lounge <br> SERVE: <br> Claudia Hines <br> 2903 Arizona Avenue, NW <br> Washington, D.C. 20016 <br><br> And <br><br> MAZIN SALEH <br> Washington, D.C. <br><br> Defendants. | **FILED** <br> SEP 30 2011 <br> Clerk, U.S District & Bankruptcy <br> Courts for the District of Columbia <br><br> Civil Action No. <br><br> Case: 1:11-cv-01755 <br> Assigned To : Jackson, Amy Berman <br> Assign. Date : 9/30/2011 <br> Description: PI/Malpractice |

## PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Plaintiff Jane Doe, by and through undersigned counsel, respectfully requests that the Court issue an order allowing her to proceed by pseudonym in the litigation that will be initiated by the filing of her Complaint.

Plaintiff was sexually assaulted by Defendant Mazin Saleh ("Mr. Saleh") after illegally being served alcohol at Spot Lounge DC ("Spot Lounge"), owned by Defendant De Amigos, LLC ("De Amigos"), to the point that Plaintiff became not fully conscious. The purpose for proceeding under a pseudonym is to preserve the privacy and emotional and physical well-being

of this abused woman in a sensitive and highly personal matter. In further support of this motion, Plaintiff states as follows:

1. Plaintiff seeks to file claims under District of Columbia law against Mr. Saleh and De Amigos to redress the serious personal injuries and severe emotional distress she sustained as a result of Defendants' intentional tortious conduct.

2. Plaintiff is an adult resident of the State of Connecticut. At the time of the incident, she was 18 years old.

3. At the time of the incident, Mr. Saleh was a student at George Washington University in Washington, D.C.

4. Upon information and belief, Defendant De Amigos, LLC is now, and at all relevant times has been, a Washington D.C. corporation with its principal office located at 1214 18th Street, NW, Washington D.C. 20036. De Amigos, LLC is the owner and/or operator of Spot Lounge DC, and is a retail alcoholic beverage licensee pursuant to the District of Columbia Alcoholic Beverage Control Act, holding license #81092.

5. Plaintiff was sexually assaulted by Mr. Saleh in his vehicle after she became intoxicated to the point she was not fully conscious from alcoholic beverages served by the Spot Lounge. At the time of the incident, Plaintiff was 18 years of age. Despite her age, De Amigos served alcoholic beverages to Plaintiff without attempting to ascertain her age, and continued serving alcoholic beverages to her after she had become visibly intoxicated – obvious violations of D.C. Code §§ 25-781 and 25-783. De Amigos was negligent and reckless in its conduct in serving alcohol to an underage person, serving her beyond point of intoxication until she was not fully conscious. De Amigos' conduct led directly to the circumstances in which Mr. Saleh, in his car just outside Spot Lounge, sexually assaulted Jane Doe. De Amigos' conduct further led to

Plaintiff suffering from alcohol poisoning. The negligent and tortious conduct of Mr. Saleh and De Amigos, together, proximately caused severe and permanent physical and emotional injuries to Plaintiff.

6. As a result of Mr. Saleh and De Amigos' unlawful conduct, Plaintiff experienced, and will continue to experience, pain and suffering, physical injuries, and severe emotional distress; was prevented from pursuing her usual routine activities; suffered humiliation and embarrassment; and was caused economic damages including, but not limited to, expenses for hospital care, additional medical care, and counseling, as well as expenses for future medical care, and counseling. Plaintiff continues to regularly attend counseling sessions in order to deal with the devastating emotional consequences of the sexual assault. Since the sexual assault, she has a generalized feeling of insecurity and vulnerability, recurring nightmares and flashbacks, avoidance of people and social situations, and obsessive thoughts concerning the incident.

7. This Court has set forth factors to be considered on a request to proceed under a pseudonym. *See Nat'l Ass'n of Waterfront Emplrs. v. Chao*, 587 F. Supp. 2d 90 (D.D.C. 2008). These factors include: (1) whether anonymity is requested to avoid the annoyance and criticism that may attend any litigation, or to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm; (3) the age of the person whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party. *Id.* at 99 (internal citation omitted). The majority of these factors weigh heavily in favor of granting Plaintiff's request.

8. Plaintiff does not seek anonymity to avoid the mere annoyance and criticism that attends all litigation, but to protect her privacy, confidentiality, and dignity in a matter of the

most sensitive and highly personal nature – the sexual assault committed by Mr. Saleh and proximately caused by De Amigos. Plaintiff is a young woman who was only 18 years old at the time of the incident, and was sexually assaulted by an older student in his vehicle outside a bar. Facts relevant to this case will include the graphic details of the sexual assault, Plaintiff's genital anatomy, hospital examinations for sexual assault, testing and medications for various sexually transmitted diseases, and consequent psychiatric treatment. Anonymity is essential so that Plaintiff may seek recourse for Defendants' misconduct without compounding the humiliation she has already suffered.

10. Protecting the privacy, confidentiality, and dignity of Plaintiff in a sensitive and highly personal matter is of paramount concern in this litigation, and this can only be accomplished by identifying Plaintiff by a pseudonym. Plaintiff has suffered a sexual assault that involves terrible degradation, and her attempt to seek recourse for Defendants' misconduct should not compound that suffering.

11. Further, identification of Plaintiff poses a risk of serious mental and physical harm to Plaintiff. Plaintiff is currently undergoing intense psychiatric treatment to deal with the rape and her resulting severe emotional distress. Publicizing Plaintiff's name will result in further emotional distress, anguish and trauma, as well as impede and diminish any progress Plaintiff has made through her current psychiatric treatment.

12. Additionally, there can be no risk of unfairness to Defendants in this case. Plaintiff concedes Defendants will be permitted to examine Plaintiff's background to the extent permitted by the rules of evidence and impeach her at trial just as if she used her own name. Additionally, Plaintiff's ability to proceed under a pseudonym can be revisited at a later point should this case proceed and the risk of unfairness change. However, at this point, with Plaintiff

providing Defendants with Plaintiff's full and correct name to conduct any necessary background examination, Defendants cannot possibly suffer any inequity.

13.   An evaluation of the foregoing factors demonstrates that this relief should be granted in this case. Most importantly, Plaintiff has shown her request to proceed pseudonymously is based on a real risk of mental and physical harm, as well as a true interest in preserving privacy in a clearly sensitive and personal matter. At the outset of civil litigation, Defendants do not suffer any unfairness.

WHEREFORE, for the foregoing reasons, Plaintiff's motion should be granted. A proposed form of Order is attached.

                                Respectfully submitted,

                                JANE DOE

                                By: _____
                                Peter C. Grenier, Esquire (DC Bar # 418570)
                                Jacob M. Lebowitz, Esquire (DC Bar # 483742)
                                Ryan C. Posey, Esquire (DC Bar # 1000581)
                                BODE & GRENIER, L.L.P.
                                1150 Connecticut Avenue, N.W.
                                Ninth Floor
                                Washington, D.C. 20036
                                (202) 828-4100 (telephone)
                                (202) 828-4130 (facsimile)
                                *Counsel for Plaintiff*

Dated: September 29, 2011