UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-01755 (ABJ) |
| ) | |
| DE AMIGOS LLC, d/b/a Spot Lounge, et al., ) | |
| ) | |
| Defendants. ) | |

**FILED**
JUL - 9 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## PROTECTIVE ORDER

1. <u>Information Subject To This Protective Order</u>: The following categories of information may be designated as CONFIDENTIAL pursuant to this Protective Order:

   a. personal information sought from an individual, including, but not limited to, such individual's or his/her family members' home address, telephone number, email address, date of birth, social security number and/or any other personal information unique to such individual;

   b. information protected by or specifically prohibited from release by statute or regulation;

   c. medical information and medical records; and

   d. such other information as a party may in good faith deem confidential.

2. As set forth below, information and things that are stamped "CONFIDENTIAL" shall not be used or disclosed by any receiving party for any purpose other than discovery and trial in this action and any appeal.

**TIMING AND CLASSIFICATION OF CONFIDENTIAL INFORMATION**

3. <u>Marking of Documents of Things</u>

    a. Any party or non-party wishing to designate information as CONFIDENTIAL INFORMATION shall at the time of production, if at all possible, stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

    b. Any party wishing to designate information provided by a non-party as CONFIDENTIAL shall submit to the other party, within twenty (20) business days following production or disclosure, a written designation of the documents or things containing such information. During the twenty (20) business days following production by a party, or non-party, all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

    c. A party or non-party producing documents shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without any, or the appropriate, classification regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information contained therein, and the parties shall, upon notice, thereafter treat such CONFIDENTIAL INFORMATION according to the correct designation

and classification. A receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

d. Likewise, if a producing party or non-party inadvertently discloses to a receiving party documents or items that are asserted to be privileged or otherwise immune from discovery, said producing party or non-party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity, provided that the producing party or non-party demonstrates that: (1) the disclosure was inadvertent; (2) the producing party or non-party acted promptly upon discovering the inadvertent disclosure; and (3) the inadvertence occurred despite reasonable precautions to prevent inadvertent disclosure. Nothing herein shall be construed to prevent the party returning the inadvertently disclosed material from seeking production of any documents in accordance with the Federal Rules of Civil Procedure provided that, once the producing party or non-party makes the requisite showing set forth herein above, the returning party does not assert waiver of the privilege or immunity because of the inadvertent production.

**HANDLING OF CONFIDENTIAL INFORMATION**

4. CONFIDENTIAL INFORMATION will be treated during the course of this action, including appeal, as follows:

All CONFIDENTIAL INFORMATION shall be treated as proprietary, and shall be disclosed or made available only to: (1) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel); (2) experts employed by such counsel for consultation or to render expert reports in accordance with Fed. R. Civ. P. 26 (b)(4) (and the necessary secretarial and clerical personnel of such experts) who are entitled under paragraph 5 of this Protective Order to receive CONFIDENTIAL INFORMATION; and (3) court personnel, certified court reporters and the parties' respective copy vendors. Any information designated "CONFIDENTIAL" by the producing party or non-party shall be treated as proprietary, and shall not be used or disclosed by any receiving party for any purpose, other than as specified herein during the discovery, trial, and/or any appeal in this action.

5. <u>Information</u>

All persons (other than court personnel and counsel of record, including such counsel's partners, shareholders, associates, associated counsel, paralegals, secretarial and clerical personnel) authorized to have access to CONFIDENTIAL INFORMATION pursuant to this Protective Order shall sign a statement acknowledging their agreement to the terms of this Protective Order in the form of Exhibit A.

**CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

6. In the event that any party disagrees at any stage of this action with the designation of any information as CONFIDENTIAL, the parties and/or non-party, if such non-party produced the documents in dispute, shall first try to resolve the dispute in good faith on an informal basis. Any receiving party may at any time request that the producing or designating party or non-party withdraw the CONFIDENTIAL designation

with respect to any information. Any such request shall be made in writing, served on counsel for the producing or designating party or non-party, and shall particularly identify: (a) the CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; and (b) the basis for the receiving party's objection(s) to the designation.

7. If the parties and/or non-party, if a non-party produced the documents in dispute, are unable to resolve their dispute informally, the receiving party shall have the right to object to the designation by appropriate motion before the Court. The burden of proving the confidentiality of the designated information shall be borne by the party or non-party that produced the information and/or designated it CONFIDENTIAL. If a motion is filed, the initial CONFIDENTIAL designation shall remain in place until the Court rules on such motion and thereafter shall be governed by the Court's ruling. If the parties or non-party are unable to resolve their dispute informally, and a party or non-party elects to file no motion with the Court, the initial CONFIDENTIAL designation shall remain in place.

8. The acceptance by any party of any information designated CONFIDENTIAL shall not constitute evidence, an admission or concession that the information actually is confidential or proprietary.

**CONFIDENTIAL INFORMATION AT DEPOSITIONS**

9. Other than Court personnel, Court reporters, and associates of the Court reporter, only the parties, counsel of record for the parties, the witness (inlcuding his or her attorney), and experts who have met the requirements of Paragraph 5 this Protective Order may be present at any examination concerning CONFIDENTIAL INFORMATION of another party or a non-party.

10. A party may designate as CONFIDENTIAL any information, testimony or exhibit disclosed or obtained during a deposition by indicating on the record during the deposition that such is CONFIDENTIAL and subject to the provisions of this Protective Order. Whenever any information designated as CONFIDENTIAL is marked as an exhibit during a deposition, the exhibit shall be separately bound and placed in a sealed envelope bearing the pertinent CONFIDENTIAL designation, unless the parties stipulate otherwise in writing prior to the deposition or at the deposition on the record. Testimony pertaining to the exhibit designated as CONFIDENTIAL shall also be designated CONFIDENTIAL. Any party who objects to any CONFIDENTIAL designation made at or during a deposition must note the objection on the record. The CONFIDENTIAL designation shall remain in place, and the objecting party shall be barred from publicly disclosing the information, testimony, transcript or exhibit designated as CONFIDENTIAL without the prior approval of the Court or the withdrawal of the designation by the designating party.

11. All transcripts from depositions in which information designated as CONFIDENTIAL was discussed or used as an exhibit shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for a period of twenty (20) days after receipt of each of the transcripts. Notwithstanding the passage of twenty (20) business days, to the extent that an opposing party has not, through counsel, disseminated information that is subject to this Protective Order, the right to so designate shall remain, subject to challenge. If such a challenge is made, the party allowing the twenty (20) business days to pass shall have the burden before the Court of showing that the information has not become part of the public domain.

12.  Desposition transcripts, testimony or exhibits designated as CONFIDENTIAL shall only be disclosed to the named parties, their counsel of record, the Court and its personnel, and the court reporter. No third party or non-party shall be allowed access to any depostion transcript, testimony or exhibit designated as CONFIDENTIAL unless he or she first executes the declaration attached hereto as Exhbit A, acknowledging the terms of this Protective Order and agreeing to be bound thereby.

## CONFIDENTIAL INFORMATION IN COURT FILINGS

13.  Information designated as "CONFIDENTIAL" pursuant to this Protective Order does not lose its designation as such if that information is subsequently filed with the Court by any designating party, non-designating party or a non-party, whether that submission is made by written motion, pleading, memorandum or any other submission to the court, including, without limitation, any demonstratives, attachments, transcript, appendices, and/or exhibits submitted to the Court.

14.  Should any party to this action wish to include material previously designated as CONFIDENTIAL in a court filing, that party must first confer with counsel for the District of Columbia and seek agreement to file the information on the public docket. If the parties cannot agree, the party must seek leave of court to file under seal as provided in LCvR 5.1(j)(1). Pending the outcome of that motion all transcripts, depositions, exhibits, answers to interrogatories, and other information previously designated CONFIDENTIAL pursuant this Protective Order and filed with the Court in accordance with Local Civil Rule 5.1(j) by any party or non-party, or any pleading, memorandum or other submission to the Court purporting to discuss, reproduce, summarize or paraphrase any such CONFIDENTIAL INFORMATION, shall be filed in sealed envelopes or other appropriate sealed containers pursuant to Local Civil Rule

5.1(j) and on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL INFORMATION" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER," and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name or party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court or consent of both the parties."

## USE OF CONFIDENTIAL INFORMATION IN OPEN COURT

15.  Information designated as "CONFIDENTIAL" pursuant to this Protective Order does not lose its designation as such if that information is subsequently offered during hearings, at trials, other otherwise in open court by any party or a non-party, whether elicited or presented through argument/and or objections in open court, statements to the jury, direct examination, cross-examination and/or redirect examination, or through any demonstratives, attachments, transcripts appendices, and/or exhibits offered in open court.

16.  The use of CONFIDENTIAL INFORMATION during hearings, at the trial, or otherwise in open court shall be subject to such protection as the Court shall determine at the time. Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION. A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. In the event that a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent in writing prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the

confidentiality of its material, it shall be responsible for taking appropriate measures with the Court to maintain its confidentiality.

### EXCLUSION OF INFORMATION RECEIVED FROM OTHER SOURCES

17. Nothing in this Protective Order shall preclude any party to the lawsuit or non-party producing documents, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information lawfully obtained from another source, such as any source having the right to disclose such information, unless the obtaining party discovered the relevant information because they were produced or made available for inspection in discovery in this lawsuit and designated as CONFIDENTIAL INFORMATION.

### NON-WAIVER OF PRIVILEGES AND OBJECTIONS

18. Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure. The entry of this Protective Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery.

19. Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION (in whole or in part) constitutes either: (a) an admission by any party that the produced information is relevant, authentic, or properly produced, or (b) a waiver of any right properly to withhold from production any other document.

20. Nothing in this Protective Order shall bar any person from asserting, prejudice any person who asserts, or be used against any person who asserts, the attorney-

client privilege, the work-product doctrine, or any applicable privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

21.   In the event of an inadvertent or unintentional disclosure, the producing party or non-party shall promptly notify the receiving party of its mistake, and request the return of the information (including any and all copies the receiving party may have made) so that the information may be marked with the appropriate confidential designation and then returned to the receiving party. The receiving party shall return the information within three (3) days of receipt of the producing party's notice of inadvertent or unintentional disclosure, and upon receipt of that notice, the receiving party shall treat the information as confidential, and not disclose it in any manner prohibited by the terms of this Protective Order. No party shall thereafter assert that the inadvertent or unintentional disclosure waived any privilege or immunity that would otherwise apply to the information. Nothing in this Order shall be construed to bar any party from seeking the production of the information on any other ground in accordance with the Federal Rules of Civil Procedure.

## **MISCELLANEOUS**

22.   Nothing in this Protective Order shall be construed as limiting or otherwise restricting a party's or non-party's use of its own CONFIDENTIAL INFORMATION for any purpose. Nothing in this Protective Order shall be construed as requiring District employees to sign an acknowledgement prior to obtaining such information.

23.   The terms of this Protective Order shall survive the final termination of this litigation and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of

this litigation, this Court shall retain and have jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

24. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

25. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

26. No later than thirty (30) days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall destroy all copies of CONFIDENTIAL INFORMATION made by that party which respective parties have in their possession, custody, or control. The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda, containing CONFIDENTIAL INFORMATION but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not without the written permission of the opposing party or

an Order of this Court, be disclosed to anyone other than the outside attorneys to whom such information was actually disclosed, in accordance with this Protective Order during the course of this action.

27. No later than thirty (30) days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall destroy all copies of CONFIDENTIAL INFORMATION produced by the opposing party or non-party which respective parties have in their possession, custody, or control. The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda, containing CONFIDENTIAL INFORMATION but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not without the written permission of the opposing party or an Order of this Court, be disclosed to anyone other than the outside attorneys to whom such information was actually disclosed, in accordance with this Protective Order during the course of this action.

28. In the event that a party seeks discovery from a non-party to this action, that non-party may invoke the terms of this Protective Order in writing to all parties to this suit and produce any such discovery in accordance with, and subject to the terms of this Order.

APPROVED AND SO ORDERED this 6th day of July, 2012.

Dated: _____    _____
United States District Court Judge


UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-01755 (ABJ) |
| DE AMIGOS LLC, d/b/a Spot Lounge, et al., | ) |
| Defendants. | ) |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY

I understand that confidential documents, testimony and/or information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among the parties, as so ordered by the Court, such documents, testimony and/or information may not be used for any purposes other than the prosecution or defense of said lawsuit.

I hereby certify that I have read the Protective Order entered in this lawsuit. I agree to maintain the confidentiality of any documents, testimony and/or information provided to me and otherwise to abide by the terms of the Protective Order.

I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony and/or information will be treated as a breach of the Protective Order for which I may be liable for damages and subject to sanction by the Court. I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreement.

Dated: _____          _____
                                    PRINT NAME

                                    _____
                                    SIGNATURE