# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1755 (ABJ) |
| | ) | |
| DE AMIGOS, LLC | ) | |
| d/b/a Spot Lounge, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Jane Doe brings this action against defendants De Amigos, LLC and Mazin Saleh arising from bodily and emotional injuries that she allegedly sustained from a sexual assault that occurred after she had consumed alcohol at Spot Lounge D.C., which is operated by defendant De Amigos. Counts I through III of plaintiff's complaint are asserted against defendant Saleh and Counts IV through VI are asserted against defendant De Amigos. Defendant De Amigos has moved for partial summary judgment or, in the alternative, to dismiss Count VI, which asserts a claim for "reckless and willful disregard." Def. De Amigos, LLC's Mot. for Partial Summ. J. Against Pl. as to Count VI, or in the alternative, Mot. to Dismiss Count VI ("Def.'s Mot.") [Dkt. # 44]. Because plaintiff improperly pled a claim for punitive damages, the Court granted in part defendant's partial motion to dismiss Count VI at a status conference held on September 23, 2013. *See* Minute Entry (Sept. 23, 2013). The Court also granted in part defendant's motion for partial summary judgment regarding the availability of punitive damages in this case because plaintiff has not proffered evidence of the aggravating circumstances necessary to obtain punitive damages in this jurisdiction. *See id.*

**BACKGROUND**

For the purposes of this motion, the Court accepts the following factual allegations as true. On October 2, 2010, plaintiff was invited to attend a party at Spot Lounge D.C. ("Spot Lounge"). Compl. ¶ 7 [Dkt. # 3]. Spot Lounge is operated by defendant De Amigos, LLC. Resp. to Request for Admission Ex. K to Lebowitz Decl. ("RFA Resp.") [Dkt # 51-1]. On October 3, 2010, plaintiff was admitted into Spot Lounge where she was served and consumed several alcoholic beverages. Doe Dep. 82:1–83:3 Ex. C to Lebowitz Decl. ("Doe Dep.") [Dkt # 51-1]. At the time, plaintiff was only 18 years old. Doe Dep. 48:8–22, 52:19–21. Plaintiff became severely intoxicated, a condition described as "black out drunk," which allegedly caused her to lose consciousness and parts of her memory from that night. Brownlow Dep. 26:1–28:6 Ex. B to Lebowitz Decl. ("Brownlow Dep.") [Dkt # 51-1]. Plaintiff alleges that her inebriation allowed the co-defendant, Mazin Saleh, to carry her to his car where he sexually assaulted her. Brownlow Dep. 29:8–30:14, 34:2–12.

On September 30, 2011, plaintiff filed the complaint in this action against defendants De Amigos, LLC and Mazin Saleh. *See* Compl. Counts I, II, and III are asserted against defendant Saleh and respectively state common-law claims for battery, intentional infliction of emotional distress, and reckless and willful disregard. *Id.* ¶¶ 52–71. Counts IV, V, and VI are asserted against defendant De Amigos, LLC and respectively assert common-law claims for negligence, negligence *per se*, and reckless and willful disregard. *Id.* ¶¶ 72–130. On January 18, 2013, defendant De Amigos LLC filed the instant motion for partial summary judgment or, in the alternative, motion to dismiss Count VI of the complaint, which alleges reckless and willful disregard. Def.'s Mot. The motion does not contest Counts I through V of the complaint.

**STANDARD OF REVIEW**

Although defendant De Amigos has styled its motion as a motion for partial summary judgment or, in the alternative, a motion to dismiss, the Court will treat the alternative motion to dismiss as a motion for judgment on the pleadings because defendant De Amigos filed an answer to the complaint on November 7, 2011. Answer of Def. De Amigos [Dkt. # 7]; *see Langley v. Napolitano*, 677 F. Supp. 2d 261, 263 (D.D.C. 2010) ("[A]s the standards for review are the same under either Fed. R. Civ. P. 12(b) or 12(c), courts routinely treat motions to dismiss that are filed after a responsive pleading has been made as a motion for judgment on the pleadings.").

**I.    Judgment on the Pleadings**

A motion for judgment on the pleadings pursuant to Rule 12(c) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66 (D.D.C. 2001), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Put another way, "[i]f there are allegations in the complaint which, if proved, would provide a basis for recovery, the Court cannot grant judgment on the pleadings." *Nat'l Shopmen Pension Fund v. Disa*, 583 F. Supp. 2d 95, 99 (D.D.C. 2008) (citation and internal quotation marks omitted).

"The standard of review for such a motion is essentially the same as the standard for a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Longwood*, 157 F. Supp. 2d at 66–67. "To survive a [Rule 12(b)(6) ] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly:* "First, the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.* In evaluating a motion for judgment on the pleadings under Rule 12(c), the court may consider facts alleged in the complaint as well as documents attached to or incorporated by reference in the complaint. *Qi v. FDIC*, 755 F. Supp. 2d 195, 199–200 (D.D.C. 2010).

**II.     Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual

dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## ANALYSIS

Because this Court sits in diversity pursuant to 28 U.S.C. § 1332, the Court applies state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court will apply District of Columbia substantive law since both parties agree that District of Columbia substantive law governs this matter. *In re Korean Air Lines Disaster of Sept. 1, 1983*, 932 F.2d 1475, 1495 (D.C. Cir. 1991) (Mikva, C.J., dissenting in part) (explaining that courts need not address choice of law questions *sua sponte*).

I. **The District of Columbia does not recognize a cause of action for "Reckless and Willful Disregard."**

Defendant argues that the Court should dismiss Count VI because reckless and willful disregard is not a cause of action in the District of Columbia. Since the Court finds that, even accepting all of the allegations in the complaint as true, Count VI fails to state a claim upon which relief can be granted, the Court will decide this aspect of defendant's motion as a motion for judgment on the pleadings.

Under Count VI, plaintiff claims defendant "De Amigos acted *recklessly and with willful disregard for the rights* and safety of plaintiff in failing to check her identification, providing or

5

selling alcohol to her at age 18, and continuing to serve alcohol to her when she was visibly intoxicated." Compl. ¶ 120 (emphasis added). Defendant contends that it "searched case law" in the District of Columbia and could not find a "single case in which a plaintiff prevailed on a cause of action for 'reckless and willful disregard.'" Mem. in Supp. of Def. De Amigos, LLC's Mot. for Partial Summ. J. Against Pl. as to Count VI, or in the alternative, Mot. to Dismiss Count VI ("Def.'s Mem.") at 2 [Dkt. # 44]. Defendant also argues that plaintiff fails to provide the requisite elements or guidance as to how the Court would rule on such a claim even if it did exist. *Id.*

Plaintiff responds that Count VI is a claim for punitive damages. Pl.'s Opp. to Def. De Amigos LLC's Mot. for Partial Summ. J. as to Count VI, or in the alternative, Mot. to Dismiss Count VI ("Pl.'s Opp.") at 4 [Dkt. # 45]. But punitive damages are a remedy, not a cause of action. *See Gharib v. Wolf*, 518 F. Supp. 2d 50, 56 (D.D.C. 2007); *see also Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F. Supp. 2d 70, 74 (D.D.C. 2000) (dismissing freestanding claim for punitive damages). Since "reckless and willful disregard" is not a cause of action in the District of Columbia and plaintiff has conceded that it asserted Count VI merely in an attempt to state a claim for punitive damages, the Court finds that Count VI fails to state a claim upon which relief can be granted and, accordingly, will grant defendant's motion to dismiss it.

**II.     As a matter of law, punitive damages are not available to plaintiff.**

Defendant's motion also raises a separate question of whether plaintiff is barred as a matter of law from receiving punitive damages. A plaintiff is not automatically barred from receiving punitive damages just because she improperly pleads punitive damages in her complaint. *Int'l Kitchen Exhaust Cleaning Ass'n*, 81 F. Supp. 2d at 74. And here, plaintiff has

properly included punitive damages in her request for relief. Compl. at 18. Accordingly, the Court will go on to address this second issue, but it finds that, under the summary judgment standard, plaintiff has not come forward with sufficient evidence to show the requisite aggravating circumstances that would make punitive damages available.

"Punitive damages are warranted only when the defendant commits a tortious act 'accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury.'" *Wash. Med. Ctr., Inc. v. Holle*, 573 A.2d 1269, 1284 (D.C. 1990), quoting *Parker v. Stein*, 557 A.2d 1319, 1322 (D.C. 1989). The availability of punitive damages depends on "the intent with which the wrong was done, and not on the extent of the actual damages." *Dalo v. Kivitz*, 596 A.2d 35, 40 (D.C. 1991), quoting *Holle*, 573 A.2d at 1284. The plaintiff must provide "clear and convincing evidence" that the defendant's conduct was accompanied by a "state of mind evincing malice." *Woodner v. Breeden*, 665 A.2d 929, 938 (D.C. 1995).

In the District of Columbia, punitive damages are generally available only in actions arising from intentional torts. *See Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 108 (D.D.C. 2004), citing *Jemison v. Nat'l Baptist Convention, U.S.A., Inc.*, 720 A.2d 275, 285 n.9 (D.C. 1998) (internal citations omitted). The District of Columbia does not allow recovery for punitive damages for a showing of mere negligence. *Harvey v. Mohammed*, 841 F. Supp. 2d 164, 180–81 (D.D.C. 2012); *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d at 29 (D.D.C. 2008), citing *Oliver v. Mustafa*, 929 A.2d 873, 878 (D.C. 2007). "Rather, punitive damages are reserved for only those tortious acts that are 'replete with malice.'" *Harvey*, 841 F. Supp. 2d at 181, quoting *Zanville v. Garza*, 561 A.2d 1000, 1002 (D.C. 1989).

Plaintiff maintains that her request for punitive damages is justified by (1) De Amigos's pattern of serving alcohol to underage minors without any regard for the law or the minors' wellbeing, and (2) the level of intoxication that plaintiff reached at Spot Lounge. Pl.'s Opp. at 5–7. As evidence, plaintiff submits deposition testimony from Donato Antonio MarcAntonio who works at the door of the Spot Lounge. MarcAntonio Dep. Ex. F to Pl.'s Opp. ("MarcAntonio Dep.") [Dkt. # 45-3]. MarcAntonio states that the staff that works the door at Spot Lounge do not do a good job of preventing underage individuals from entering the premises and frequently do not ask for IDs. MarcAntonio Dep. at 24:18–26:17, 34:21–35:11. He states that, on the night of the incident out of which this case arises, groups of people were permitted to enter Spot Lounge without having their IDs checked. *Id.* 29:14–30:17. And he also states that individuals often come out of Spot Lounge "highly intoxicated." *Id.* 32:15–34:18.

Plaintiffs have also submitted a D.C. Alcoholic Beverage Regulation Administration Case Report and answers to interrogatories demonstrating that De Amigos was investigated for sale of alcohol to minors or intoxicated persons and failing to check identification for the night that the conduct out of which this case arises occurred, and that it entered into an "Offer in Compromise" to resolve that case. Ex. J to Pl.'s Opp. [Dkt. # 45-3]; RFA Resp. ¶¶ 97–101. As part of the offer in compromise, De Amigos served five days of suspension of its alcoholic beverage license and paid $12,000. RFA Resp. ¶¶ 98, 101. In addition, De Amigos served five additional days of suspension of its alcoholic beverage license related to a previous case before the D.C. Alcoholic Beverage Regulation Administration. *Id.* ¶ 99.

Plaintiff has also come forward with depositions of several students who state that they and/or others were permitted to enter Spot Lounge on the night of the events giving rise to this action, even though they were under twenty-one years of age. *See* Ex. J to Pl.'s Opp.; *see also*

Bagchi Dep. Ex. A to Pl.'s Opp., at 19:2–:6, 23:2–:7 [Dkt. # 45-3]; Brownlow Dep. at 20:13–:14; Hasham Dep. Ex. E to Pl.'s Opp., at 37:1–:4 [Dkt. # 45-3]; Pritchard Dep. Ex. G to Pl.'s Opp., at 59:14–60:9 [Dkt. # 45-3]; First Velander Dep. Ex. H to Pl.'s Opp., at 8:11–10:7 [Dkt. # 45-3]. Plaintiff also presents evidence that her blood alcohol level reached .375% after consuming alcohol at Spot Lounge that night. Ex. L to Pl.'s Opp. [Dkt. # 45-3].

Plaintiff maintains that this evidence demonstrates willful or reckless disregard of plaintiff's safety. Pl.'s Opp. at 7–9. But while the evidence, construed in the light most favorable to plaintiff, might show that De Amigos did not have the procedures in place that are necessary to prevent the entry of individuals under the age of twenty-one and that De Amigos violated D.C. law by permitting minors to enter the Spot Lounge premises and consume alcohol on the night of the incident, it does not reveal any of the kind of aggravating circumstances that are required under D.C. law for plaintiff to be entitled to punitive damages. Plaintiff does not present evidence of De Amigos's intent to harm plaintiff by serving her alcohol. Plaintiff does not even present evidence showing that De Amigos acted in a way that would rise to the level of reckless indifference to plaintiff's rights. For example, there is no evidence that De Amigos made efforts to attract underage individuals, with a reckless indifference to the harm that consuming alcoholic beverages could cause them. The evidence merely goes to whether plaintiff's injury was caused by De Amigos's failure to put in place the procedures necessary to prevent underage drinking. This is a run-of-the-mill negligence case without any of the aggravating circumstances that would make punitive damages available. *See Nepera Chem., Inc. v. Sea-Land Serv., Inc.*, 794 F.2d 688, 698 (D.C. Cir. 1986) (stating that "under the law of the District of Columbia . . . 'even gross negligence is insufficient'" for a court to assess punitive damages); *Harvey*, 841 F. Supp. 2d at 180 ("[A] showing of negligence, even gross negligence,

is insufficient to support an award of punitive damages."); *Wagman v. Lee*, 457 A.2d 401, 404 n.4 (D.C. 1983) (upholding a jury instruction stating "punitive damages may not be awarded for negligence, even gross negligence" and that punitive damages may not be awarded where "an act though willful in itself" is committed "without any evil or bad intention").

Thus, the Court cannot find that plaintiff has presented evidence sufficient to create a genuine dispute of material fact about the presence of the conditions required in this jurisdiction for an award of punitive damages. Accordingly, the Court granted defendant De Amigos LLC's motion for summary judgment insofar as it asks the Court to find as a matter of law that plaintiff is not entitled to punitive damages.

## CONCLUSION

For the above-stated reasons, the Court granted Defendant De Amigos LLC's Motion for Partial Summary Judgment Against Plaintiff as to Count VI, or in the alternative, Motion to Dismiss Count VI [Dkt. # 44], partially as a motion to dismiss and partially as a motion for summary judgment. The Court ruled on this motion at the status conference held on September 23, 2013. *See* Minute Entry (Sept. 23, 2013).

AMY BERMAN JACKSON
United States District Judge

DATE: October 9, 2013